IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BERLIE CATLIN MOORE,** <br> **#240553** <br> <br>     **Plaintiff,** <br> <br> **VS.** <br> <br> **FRANK LEE YOUTH CENTER,** <br> **et al.** <br> <br>     **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> )    **CASE NO.: 2:07-CV-195-ID** <br> ) <br> ) <br> ) <br> ) <br> ) |

## SPECIAL REPORT

**COME NOW** Defendants, **Debra Martin and Vivian Langford,** by and through Troy King, Attorney General for the State of Alabama, via undersigned counsel, and do hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Berlie Moore, ("Mr. Moore") is an Alabama Department of Corrections ("ADOC") inmate, incarcerated at the Frank Lee Youth Center ("FLYC") in Deatsville, Alabama.

2. Mr. Moore has named the following Defendants:

   a. Debra Martin ("Specialist Martin"), Classifications Specialist, for the FLYC, who is employed by ADOC.

   b. Vivian Langford ("Sgt. Langford"), Correctional Officer II ("COII"), for the FLYC, who is employed by ADOC.

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Mr. Moore alleges in his complaint that the Defendants have violated his constitutional rights. Specifically, Mr. Moore alleges:

1. Specialist Martin refuses to reclassify him to a lower custody status because he is unable to pass his welding certification exam.

2. Sgt. Langford threatens and harasses Mr. Moore.

Mr. Moore wants to be transferred to another ADOC facility.

## DEFENDANTS' EXHIBITS

1. Exhibit A – Affidavit of Specialist Martin, Classifications Specialist at the FLYC for the ADOC.

2. Exhibit B – Affidavit of Sgt. Langford, COII at the FLYC for the ADOC.

## DEFENDANTS' RESPONSE

1. Mr. Moore has no right to any specific classification while he is incarcerated in the ADOC.

2. Mr. Moore does not have a right to be housed in any particular facility while he is in ADOC custody.

3. Mr. Moore has suffered no injury as a result of Sgt. Langford's alleged threats.

4. Defendants are entitled to qualified immunity.

5. Defendants are entitled to sovereign immunity.

6. Defendants are entitled to state-agent immunity.

7. Defendants are entitled to functional discretionary immunity.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986). Once the movant has established that there is no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. Celotex Corp. v. Catrett, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. Id. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. Morisky v. Broward County, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. Moore's claims, and the Defendants are entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Mr. Moore is an inmate housed at the FLYC in Deatsville, Alabama where he is completing a vocational training program. Mr. Moore was ordered to complete the vocational training program by his sentencing judge, Judge Bahakel. (See Ex. A.)

## ARGUMENT OF FACT AND LAW

**I.   Defendants are Entitled to Qualified Immunity**

3

"[Q]ualified immunity protects government officials performing discretionary functions from suits in their individual capacities unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " Dalrymple v. Reno, 334 F.3d 991, 994 (11th Cir.2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739, (2002)). In determining whether qualified immunity is appropriate in a given case, "[t]he court must first ask the threshold question whether the facts alleged, taken in the light most favorable to the plaintiffs, show that the government official's conduct violated a constitutional right." Dalrymple, 334 F.3d at 995 (citing Saucier v. Katz, 533 U.S. 194, 201, (2001)). If Mr. Moore's allegations do not establish a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201.

**A.   Claims against Specialist Martin**

Mr. Moore has failed to allege any facts supported by material evidence that would establish a constitutional violation by Specialist Martin. Mr. Moore claims that Specialist Martin refused to classify him to "a lesser restrictive custody status." Mr. Moore has no right to any specific classification while he is incarcerated in the ADOC. As this Court stated in Black v. McDonnell, 2006 WL 1180795, *2 (M.D. Ala.), a prisoner "has no constitutional right to a specific classification and/or security status; correctional officials may change his classification for a good reason, a bad reason, or no reason at all." Likewise, Mr. Moore has

4

no right to be housed in any particular prison in any particular state. See Olim v. Wakinekona, 461 U.S. 238 (1983).

### B.  Claims against Sgt. Langford.

Mr. Moore has failed to allege any facts supported by material evidence that would establish a constitutional violation by Sgt. Langford. Mr. Moore claims that Sgt. Langford "harasses and threatens" him. Mr. Moore's general allegation fails to state a constitutional violation in that he does not describe the manner in which he has been threatened or harassed.  Mr. Moore fails to state that he has suffered due to the alleged harassment or threats. Because Mr. Moore failed to allege that he has suffered some injury as a direct result of Sgt. Langford's conduct, his U.S.C. Section 1983 claim fails.

### CONCLUSION

Based on the foregoing, Defendants **Debra Martin and Vivian Langford** respectfully request that this court consider treating this Special Report as a Motion for Summary Judgment, and enter judgment in favor of the Defendants.

                        RESPECTFULLY SUBMITTED,

                        TROY KING
                        ATTORNEY GENERAL
                        KIN047

                /s/ *J. Matt Bledsoe*_____  
                J. Matt Bledsoe (BLE 006)  
                ASSISTANT ATTORNEY GENERAL  
                Counsel for Defendants Vivian Langford  
                 & Debra Martin

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL  
11 South Union Street  
Montgomery, AL 36130  
(334) 242-7443  
(334) 242-2433 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 30th day of May, 2007, electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, and that I have further served a copy of the foregoing on the Plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Berlie Catlin Moore, #240553  
Frank Lee Youth Center  
PO Box 220410  
Deatsville, AL 36022

                /s/ *J. Matt Bledsoe*_____  
                OF COUNSEL

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Berlie Catlin Moore AIS#240553 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:07CV195ID |
| ) | |
| Alabama Dept. of Corrections, et al., ) | |
| ) | |
| Defendants, ) | |

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said county, personally appeared Debra Kay Martin, who being known by me and first duly sworn, deposes and says on oath as follows:

My name is Debra Kay Martin and I am presently employed as a Classification Specialist with the Department of Corrections, Frank Lee Youth Center, Deatsville, Alabama. I am over twenty-one (21) years of age and I have personal knowledge of the facts set forth herein.

1. Inmate Moore was ordered by his sentencing judge to complete a vocational training program during his incarceration.
2. Defendant Martin has no control over decisions made by the sentencing courts.
3. Defendant Martin has no knowledge of any discriminatory practices against Berlie Moore.

_____
Debra Kay Martin

STATE OF ALABAMA)
ELMORE COUNTY   )

SWORN AND SUBSCRIBED BEFORE ME AND GIVEN UNDER BY HAND AND
OFFICIAL SEAL THIS, THE __2nd__ DAY OF __April__, 2007.

_____
Notary Public


EXHIBIT A

```
                          CONVICTION REPORT
                               3710                  _002 001175.00 01
                                                     ALFRED BAHAKEL
-------------------------------------------------------------------------
| CIRCUIT COURT OF JEFFERSON COUNTY         | COURT ORI: 001025 J       |
|-------------------------------------------|---------------------------|
| STATE OF ALABAMA       VS.                | DC NO: DC 2001 010052.00  |
| MOORE BERLIE              ALIAS:          | G J:    62234             |
| 1873 ALABAMA AVE SW       ALIAS:          | SSN:    419116787         |
| BHAM   AL   35211                         | SID:    000276564         |
|                                           | AIS:    000000            |
|-------------------------------------------|---------------------------|
| DOB: 06/30/1981   SEX: M   HT: 5 05   WT: 150   HAIR: BLK   EYE: BRO  |
| RACE: ( )W (X)B ( )O   COMPLEXION: _____   AGE: ____   FEATURES: ____ |
|-----------------------------------------------------------------------|
| DATE OFFENSE: 08/09/2001   ARREST DATE: 09/13/2001  ARREST ORI: 0010200|
|-----------------------------------------------------------------------|
| CHARGES @ CONV      CITES           CT CL COURT ACTION      CA DATE   |
| YOUTHFUL OFFENDER  13A-004-002      01 A  YOUTHFUL OFFENDER 07/15/2002|
|      908A     Att to Commit Crime                           00/00/0000|
|                                                             00/00/0000|
|-----------------------------------------------------------------------|
| JUDGE: ALFRED BAHAKEL   0392   PROSECUTOR: RANDALL CARL S             |
|-----------------------------------------------------------------------|
| PROBATION APPLIED  GRANTED  DATE      REARRESTED DATE  REVOKED  DATE  |
| ( )Y( )N _____  ( )Y( )N _____   ( )Y( )N _____ (X)Y( )N 04272005|
|-----------------------------------------------------------------------|
| 15-18-8, CODE OF ALA 1975   IMPOSED    SUSPENDED    TOTAL   JAIL CREDIT|
| ( )Y (X)N   CONFINEMENT:  03 00 000  00 00 000  03 00 000  00 00 026  |
|             PROBATION  :  00 00 000             00 00 000             |
| DATE SENTENCED: 07/15/2002   SENTENCE BEGINS: 04/27/2005              |
|-----------------------------------------------------------------------|
| PROVISIONS              COSTS/RESTITUTION         DUE         ORDERED |
|                                                                       |
| PENITENTIARY            RESTITUTION            $0.00          $0.00   |
| DOC/SAPP PGM            ATTORNEY FEE           $0.00          $0.00   |
|                         CRIME VICTIMS      $14774.45      $15050.00   |
|                         COST                 $125.55        $450.00   |
|                         FINE                   $0.00          $0.00   |
|                         MUNICIPAL FEES         $0.00          $0.00   |
|                         DRUG FEES              $0.00          $0.00   |
|                         ADDTL DEFENDANT        $0.00          $0.00   |
|                         DA FEES                $0.00          $0.00   |
|                         COLLECTION ACCT     $3850.80       $4450.80   |
|                         JAIL FEES              $0.00          $0.00   |
| YOUTHFUL OFND           TOTAL              $18750.80      $19950.80   |
|-----------------------------------------------------------------------|
| APPEAL DATE      SUSPENDED        AFFIRMED          REARREST          |
| ( )Y( )N _____  ( )Y( )N _____  ( )Y( )N _____   ( )Y( )N _____       |
|-----------------------------------------------------------------------|
| REMARKS:                          THIS IS TO CERTIFY THAT THE         |
|                                   ABOVE INFORMATION WAS EXTRACTED     |
|                                   FROM OFFICIAL COURT RECORDS         |
|                                   AND IS TRUE AND CORRECT.            |
| DEFT IS ORDERED TO COMPLETE A VOCATIONAL TRAINING PROGRAM, AS         |
| WELL AS AN INTENSIVE SAP PROGRAM WHILE AT DOC                         |
|                                                                       |
|                                        Anne-Marie Adams               |
|                                   _____        |
|    JA  240553                     ANNE-MARIE ADAMS                    |
|                                   05/02/2005                          |
-------------------------------------------------------------------------
OPERATOR: JUK
PREPARED: 05/02/2005
```

Entered Terminals
5-5-05       _amf_
(date)      initials

# AFFIDAVIT

Vivian Langford
_____
(Affiant)

2:07-CV-195-ID
_____
(Case #'s)

**STATE OF ALABAMA**

**County of Elmore**

I, Vivian Langford have prepared this affidavit in response to civil actions filed by Inmate Berlie Moore AIS #240553. I am assigned to Frank Lee Youth Center

1. Inmate Moore file a complaint that is untrue. I have no knowledge of what Inmate Moore is referring to in his complaint. I have not threatened or intimidated Inmate Moore in any way at any time.

2. Inmate Education is not one of my areas of responsibilities at Frank Lee Youth Center and I do not involve myself in the process. Welding is a class given to inmates at J.F. Ingram Technical College (Trade School). Trade School assignment is not one of my responsibilities. Issues involving Trade School is coordinated through J.F. Ingram and the Classification Specialist at Frank Lee Youth Center.

3. Classification duties are not a part of my responsibilities and I do not involve myself in classification duties. I have not given Inmate Moore any information, advice, or instructions regarding his custody as he claims.

_____
(Signature of Affiant)

P.O. Box 220 410
_____
(Address)

Deatsville AL 36022
_____
(City, State, Zip Code)

Sworn to and subscribed before me this 9th day of March, 2007.

_____
(Notary Public)

My Commission Expires 1/9/09

Seal

EXHIBIT B