IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BERLIE CATLIN MOORE, #240553, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:07-CV-195-ID |
| | ) | |
| VIVIAN LANGFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

Berlie Catlin Moore ["Moore"], a state inmate, filed this 42 U.S.C. § 1983 action on March 5, 2007. In this complaint, Moore challenges his custody classification and the requirements of the vocational program to which he had been assigned at the Frank Lee Youth Center. Moore seeks only injunctive relief, i.e., placement in "other stages" of vocational training to facilitate his release from prison. *Plaintiff's Complaint - Court Doc. No. 1* at 4. The court recently ascertained that Moore is no longer incarcerated in the Alabama prison system.

**II. DISCUSSION**

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In cases where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner);

*Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

      A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen,* 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).

      In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987), the Eleventh Circuit Court of Appeals determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation.

(citations omitted); *see also Darring v. Kincheloe,* 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate...." *Id*.

      Moore is not incarcerated in the Alabama prison system. He is, therefore, no longer subject to the actions about which he complains and any request for injunctive or declaratory

relief is subject to dismissal as moot. *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979); *Murphy v. Hunt,* 455 U.S. 478, 481-82 (1982); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (past exposure to even illegal conduct does not in and of itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing present injury or real and immediate threat of repeated injury).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice as moot.

It is further

ORDERED that on or before April 27, 2009 the parties may file objections to this Recommendation.  Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding

precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of April, 2009.

                                          /s/Charles S. Coody
                                 CHARLES S. COODY
                                 UNITED STATES MAGISTRATE JUDGE